(104 So. 345)

## WEEMS v. STATE.    (7 Div. 997.)

(Court of Appeals of Alabama.  April 21, 1925.)

Witnesses ⬤379(2)—Exclusion of testimony impeaching principal 'state's witness error.

In prosecution for distilling whisky, where accused presented alibi, exclusion of testimony tending to impeach principal witness for state by showing what he had said as to whom he had caught at still *held* error.

Appeal from Circuit Court, Etowah County;  O. A. Steele, Judge.

Will Weems was convicted of distilling, and he appeals.  Reversed and remanded.

W. J. Boykin, of Gadsden, for appellant.

It was error to sustain objection to defendant's cross-examination of state's witness Camp.  Ala. R. Co. v. Guest, 144 Ala. 373, 39 So. 654;  E. T. R. Co. v. Lockhart, 79 Ala. 315.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The trial judge has a wide latitude in the matter of cross-examination.  May v. State, 202 Ala. 697, 79 So. 877.

SAMFORD, J.  The only question involved in this case is the identity of the defendant, Weems.  The principal state's witness was one of the parties who raided the still, at which time they captured one Grady Ross, but not defendant.  Defendant offered an alibi.  There was evidence tending to prove that Camp, the principal state's witness, did not know that defendant, Weems, was one of the parties at the still.  For the purpose of impeaching the testimony of Camp the defendant sought to lay as a predicate that, at a certain time and place, and in the presence of one George Haney, and in conversation with Haney, if Camp was not asked:

"Who were at the still, and you told him you got Grady Ross, and he asked you if you thought you could do anything with Grady, and you said not, if he would tell who the others were."

This was as to a material inquiry in the case, and proof of this testimony would have tended to impeach the testimony of Camp upon a material point.  The court committed reversible error in sustaining the state's objection to the question.

The other exceptions are without merit, but for the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.